UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA TEMPLE,

        Plaintiff,                        Case Number 16-10781
                                                Honorable David M. Lawson

v.

SPEEDWAY, LLC, SPEEDWAY
PETROLEUM CORP., and ENRO
MARKETING COMPANY,

        Defendants.
_____/

## ORDER OF DISMISSAL

On March 4, 2016, the plaintiff filed this premises liability case against the defendants alleging that he slipped on an accumulation of ice in their parking lot. In the complaint, the plaintiff asserted that the Court has jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. On June 22, 2016, Judge Thomas L. Ludington issued an order to show cause in writing, on or before July 6, 2016, why this case should not be dismissed for failure to prosecute. The plaintiff never filed an answer to the June 22, 2016 show cause order. On August 4, 2016, Judge Ludington issued a second order to show cause directing the plaintiff, on or before August 18, 2016, to show cause why this case should not be dismissed for failure to allege that the amount in controversy exceeded $75,000. The day after the Court's deadline, the plaintiff filed an answer to the show cause order explaining it was a scrivener's error that the amount in controversy alleged was greater than $25,000. Less than a week later, with leave of the Court, the plaintiff filed an amended complaint alleging that the amount in controversy exceeds $75,000 in this matter. Judge Ludington dismissed the second show cause order shortly thereafter. However, the plaintiff's problems continued.

On October 20, 2016, the plaintiff filed a witness and exhibit list with the Court. The Clerk of the Court struck the filing because parties may not file discovery materials on the docket subject to some exceptions not applicable here. *See* E.D. Local Rule 26.2. On November 30, 2016, the defendants filed a motion to compel the plaintiff to answer outstanding discovery requests, to provide signed authorizations for release of medical records, and to submit initial disclosures. The defendants noted that to the extent that the plaintiff's witness and exhibit list that was struck by the Clerk was intended to be initial disclosures, it failed to satisfy the requirements of Federal Rule of Civil Procedure 26(a)(1). The witness and exhibit list did not disclose, among other things, the name, address, and telephone number of each of the plaintiff's 71 fact witnesses in this slip and fall case. Moreover, the defendants noted that some of the listed exhibits appeared to be unrelated to this case, such as "[p]hotos of the vehicle and accident scene" and "all collision records and photographs." While the motion to compel was pending, the plaintiff filed what was purported to be two jointly filed Rule 26(f) plans. However, they were neither jointly filed, nor Rule 26(f) plans. The filings were the plaintiff's first set of interrogatories and requests for production of documents to the defendants. The parties eventually were able to resolve their discovery disputes without Court intervention, the defendants withdrew their motion to compel, and the Clerk again struck the plaintiff's filings, as discovery that is not allowed to be filed with the Court. *See* E.D. Local Rule 26.2.

On February 17, 2017, this case was transferred to the undersigned. The Court issued a show cause order explaining that the first amended complaint failed to allege properly the citizenship of any of the parties. The Court's order explained that the drafter of the complaint failed to allege the plaintiff's citizenship, the principal place of business of the defendant corporations, and the members

of the limited liability company (LLC). The Court's three-page order distilled the relevant law on diversity jurisdiction and ordered the plaintiff either to show cause in writing or to file a second amended complaint on or before March 14, 2017. No response to the show cause order or second amended complaint was filed. The Court contacted the plaintiff's attorney on March 15, 2017 informing him that if the plaintiff did not respond to show cause order or file an amended complaint by close of business on March 16, 2017, the case would be dismissed. On March 17, 2017, the plaintiff filed a second amended complaint. However, once again, the complaint did not allege jurisdictional facts sufficiently.

The second amended complaint failed to allege the citizenship of the plaintiff, failed to allege the principal place of business of the defendant corporation, and alleged that the LLC defendant has a member who is domiciled in Ohio. The Court emailed the plaintiff's attorney and asked him to read carefully the Court's show cause order and to file a third amended complaint. On March 22, 2017, the plaintiff filed a third amended complaint. The plaintiff's attorney made some progress. The third amended complaint alleges that the plaintiff is a citizen of Michigan. It also alleges that the LLC defendant's sole member is MPC Investment, LLC. However, the plaintiff's attorney failed to allege the membership of MPC Investment, LLC or the citizenship of its members. And the third amended complaint failed to allege anything about the defendant corporations. Because all efforts by the Court to get this case on track proved fruitless, the Court scheduled a status conference to explain further what is required to make sufficient jurisdictional allegations in a complaint.

On March 27, 2017, the Court conducted a status conference with counsel for the parties. The Court explained to plaintiff's counsel that a limited liability company is treated differently than a corporation for jurisdictional purposes. For purposes of diversity, "limited liability companies

have the citizenship of each partner or member." *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010) (internal quotations omitted)); *Trident-Allied Assocs., LLC v. Cypress Creek Assocs., LLC.*, 317 F. Supp. 2d 752, 753 (E.D. Mich. 2004) ("For purposes of diversity, the citizenship of limited liability companies is the citizenship of each of its members."). The third amended complaint alleges that MPC Investment, LLC is domiciled in Ohio, but did not allege the members of MPC Investment, LLC. MPC's citizenship is determined by the citizenship of *its* members. It is not uncommon in federal court for plaintiffs to allege that a defendant LLC is owned by several layers of LLCs before coming to an LLC that is wholly owned by a corporation or an individual, for example. In that situation, once the relationship is alleged, plaintiffs are required to allege the corporation's state of incorporation and principal place of business, or the citizenship of the natural-person LLC member. *Safeco Ins. Co. of Am. v. City of White House, Tenn.*, 36 F.3d 540, 544 (6th Cir. 1994). The Court explained to the plaintiff's attorney the drilling-down process that is necessary when such relationships are discovered. The Court also noted that no allegations were made about the defendant corporations in the third amended complaint. The plaintiff's attorney took notes, confirmed that he understood the Court's guidance, and assured the Court that he would file a fourth amended complaint that would cure the jurisdictional allegation defects. Plaintiff's counsel filed a fourth amended complaint the following day, but it did not cure the defects.

The fourth amended complaint alleges that the LLC defendant's sole member is MPC Investment, LLC, which is domiciled in Ohio and is therefore a citizen of that state. The plaintiff must do more than make conclusory allegations concerning jurisdiction. As noted above, plaintiff's counsel must allege the citizenship of each of MPC's members to establish the citizenship of the defendant LLC.

Federal district courts are courts of "limited jurisdiction." *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Because the plaintiff filed this case as an original action in this Court, "'[t]he [p]laintiff bears the burden of establishing that subject matter jurisdiction exists.'" *Concerned Pastors for Soc. Action v. Khouri*, 194 F. Supp. 3d 589, 596 (E.D. Mich. 2016) (quoting *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014)). It is incumbent upon the Court to address and resolve questions of subject matter jurisdiction at the outset of the case, "[b]ecause lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile." *Brown v. Francis*, 75 F.3d 860, 864-65 (3d Cir. 1996) (quoting *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985)); *see also Her Majesty The Queen In Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989).

The Court has made every effort to convey the well-established rules for alleging diversity jurisdiction in federal court to plaintiff's counsel, but to no avail. The jurisdictional allegations in the fourth amended complaint have not cured the defects identified in the four prior iterations of the complaint. Therefore, the Court must dismiss the complaint because the plaintiff has failed to demonstrate that this Court has subject matter jurisdiction over this case.

Accordingly, it is **ORDERED** that the complaint is **DISMISSED WITHOUT PREJUDICE**.

                                                s/David M. Lawson  
                                                DAVID M. LAWSON  
                                                United States District Judge

Dated: March 28, 2017

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 28, 2017.

                                          s/Susan Pinkowski
                                          SUSAN PINKOWSKI